**COMP**
PUOY K. PREMSRIRUT, Esq.
Nevada Bar No. 007141
BROWN BROWN & PREMSRIRUT
520 S. Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone:  702.384.5563
Facsimile:  702.385.1752
puoy@brownlawlv.com

BRUNO W. TARABICHI,
CA Bar No. 215129
OWENS TARABICHI LLP
111 N. Market St., Suite 730
San Jose, California 95113
Telephone:  408.298.8200
Facsimile:   408.521.2203
btarabichi@owenstarabichi.com
Pro Hac Vice Application Pending
Attorneys for Plaintiff
Russell Road Food and Beverage, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL ROAD FOOD AND BEVERAGE, LLC, a Nevada limited liability company<br><br>            Plaintiff,<br><br>        vs.<br><br>FRANK SPENCER, an individual; CRAZY HORSE CONSULTING, INC., an Ohio corporation;  and DOES 1 – 50, inclusive,<br><br>            Defendants. | Case No.<br><br>  **PLAINTIFF RUSSELL ROAD FOOD AND BEVERAGE, LLC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK, UNENFORCEABILITY OF TRADEMARK, AND INVALIDITY OF U.S. TRADEMARK APPLICATION SERIAL NOS. 77/557,722 AND 85/217,717, AND CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,044,028**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff Russell Road Food and Beverage, LLC ("Russell Road" or "Plaintiff"), by its

attorneys, for its Complaint in this action alleges:

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

**BROWN BROWN & PREMSRIRUT**
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

**PARTIES**

1.     Russell Road is a Nevada limited liability company having its principal place of business at 3550 West Quail Avenue, Las Vegas, Nevada 89118.

2.     Defendant Frank Spencer is an individual with a business address at 1474 St. Clair Avenue, Cleveland, Ohio 44114.   Frank Spencer is the President and sole owner of Defendant Crazy Horse Consulting, Inc. ("Crazy Horse Consulting").

3.     Crazy Horse Consulting is an Ohio corporation having its principal place of business at 2125 Glouchester Road, Lyndhurst, Ohio 44124.

4.     Plaintiff is ignorant of the true names of the other Defendants sued herein as Does 1 – 50, inclusive, and therefore, sues these Doe Defendants by such fictitious names.  Additional Doe Defendants are likely to include, among others, companies owned or associated with Frank Spencer and/or Crazy Horse Consulting to the extent such companies own or claim to own any relevant trademark rights.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, 2202, and 15 U.S.C. § 1121, as this action involves substantial claims arising under the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.

6.     Defendants Frank Spencer and Crazy Horse Consulting are subject to personal jurisdiction in this district because Defendants conduct substantial, continuous, and systematic activities in this judicial district and because Plaintiff's causes of action contained herein arise out of or result from Defendants' contacts with this judicial district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FACTS RELEVANT TO ALL CLAIMS

**The Origins of the Crazy Horse Name and Proliferation of Third Party Uses of Crazy Horse**

8.    In 1951, Alain Bernardin opened Le Crazy Horse in Paris, France.  Also known as Le Crazy Horse Saloon or Le Crazy Horse de Paris, the Parisian cabaret featured racy burlesque routines performed by nude female dancers.  In the over 50 years since it opened, Le Crazy Horse has become world renown and been featured in several documentaries.

9.    Not surprisingly, the success and notoriety of Le Crazy Horse spawned a multitude of CRAZY HORSE gentlemen's clubs, restaurants, night clubs, saloons, and taverns across the United States and the world.  These countless clubs are not owned or licensed by the original Le Crazy Horse in Paris; rather, they are owned and operated by independent and unaffiliated third parties.  In fact, it is quite likely that a CRAZY HORSE gentlemen's club, night club, or restaurant/bar can be found in just about every major city in the United States.

10.    In trademark law, when numerous identical or similar marks permeate the marketplace, such marks exist in what is called a "crowded field."  In a crowded field, a mark has very little commercial strength (i.e., actual marketplace recognition).  Therefore, in a crowded field, each member is weak in its ability to prevent use by others in the crowd.  In light of the number of CRAZY HORSE marks permeating the marketplace, it is clear that CRAZY HORSE is part of a crowded field.

**The Use of Crazy Horse in Las Vegas and Plaintiff's Use of the CRAZY HORSE III Mark**

11.    There is a long and storied history surrounding the use of the CRAZY HORSE name and mark in Las Vegas, Nevada.  Based upon information and belief, during the late 1970s / early 1980s,  Jack Galardi opened the original Crazy Horse Saloon club on Paradise Road in Las Vegas, which eventually closed in the late 1980s.

12.     Shortly after the closure of the original Crazy Horse Saloon, the Crazy Horse Too gentlemen's club opened at 2466 Industrial Road in Las Vegas.  As its name implies, Crazy Horse Too was patterned after the Crazy Horse Saloon on Paradise Road.  Following the well-publicized legal difficulties of its owner, the Crazy Horse Too club closed its doors on September 7, 2006.

13.     About three years later, on or about September 4, 2009, Russell Road opened a gentlemen's club under the CRAZY HORSE III name in the Playground complex, a 40,000 square foot complex in Las Vegas that features 24-hour attractions, including nightclubs, dining establishments, live music, and live sports viewing.  The club is located at 3525 West Russell Road.

14.     Russell Road uses the CRAZY HORSE III name and mark primarily as part of a design logo that features three horses and the words CRAZY HORSE III GENTLEMEN'S CLUB:  (hereinafter referred to as the "CRAZY HORSE III Design Mark").

15.     In this regard, Russell Road owns two trademark registrations issued by the State of Nevada for its CRAZY HORSE III Design Mark in connection with the "operation of an adult entertainment facility."  The registrations were issued on June 15 2010.

16.     In addition, Russell Road owns a pending federal trademark application for its CRAZY HORSE III Design Mark, namely, U.S. Trademark Application Serial No. 85/584,958 for "entertainment services, namely, live performances by dancers; night clubs."

17.     Since opening its CRAZY HORSE III club nearly three years ago, Russell Road has not experienced any actual confusion arising out of its use of the CRAZY HORSE III name and mark.  No customers or other third parties have ever inquired about any sponsorship, affiliation, or other relationship between Russell Road and Defendants.

**Defendants' Use of CRAZY HORSE and Sudden Enforcement and Franchising Efforts**

18.     Frank Spencer is an individual in Ohio who claims to own nationwide rights to the CRAZY HORSE trademark for gentlemen's clubs.  However, based upon information and strong belief, Frank Spencer individually does not own any gentlemen's clubs at all and, accordingly does not own any rights to the CRAZY HORSE mark.  In this regard, Frank Spencer has  incorporated or is otherwise associated with the following numerous corporations that are connected with gentlemen's clubs that Frank Spencer claims to own: : Jozac Corporation, Grand American Management Corporation, Crazy Horse Consulting, Inc., Crazy Horse Management, Inc., Lake Food & Beverage, Inc., Almi Corp., and Parkbrook Entertainment, Inc.  It is believed that one or more of these entities is the real owner of any gentlemen's club associated with Frank Spencer.  There are likely several other entities.

19.     One of the companies  with which Frank Spencer is associated owns and operates three gentlemen's clubs in Ohio under the CRAZY HORSE name located in Cleveland, Ohio; Bedford Ohio; and Brook Park, Ohio.  There is no indication that Frank Spencer, or the companies that he is associated with, own and operate any gentlemen's clubs outside of Ohio.

20.     On information and belief, Frank Spencer is a member of the Association of Club Executives and intimately involved in the adult entertainment industry.  By and through this membership, Frank Spencer unequivocally has knowledge that the CRAZY HORSE trademark has been widely adopted by numerous third parties for a wide variety of goods and services, including but not limited to gentlemen's clubs.

21.     Nevertheless, and in derogation of the already existing marks in use prior to Mr. Spencer's application, Frank Spencer proceeded to file two federal trademark applications with the United States Patent and Trademark Office ("USPTO") for the CRAZY HORSE trademark, U.S. Application Serial No. 77/557,722 and U.S. Application Serial No. 85/217,717. Despite the fact that the true trademark owner was one of the companies he is associated with

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

(most likely Jozac Corporation), Frank Spencer filed the trademark application in his own personal name.  Despite the fact that any use of the CRAZY HORSE mark by Spencer had been limited to intrastate uses in Ohio, Frank Spencer declared under oath that he had used the mark in interstate commerce (i.e., across state lines).  And despite the fact that he was fully aware of third party uses of CRAZY HORSE, he declared under oath that no one else had the right to use the CRAZY HORSE trademark in commerce in identical or in such near resemblance.  These false and fraudulent statements are sufficient grounds to find U.S. Application Serial Nos. 77/557,722 and 85/217,717 void and unenforceable.

22.     Upon examination, the USPTO <u>refused</u> registration of Frank Spencer's applications to register CRAZY HORSE based on U.S. Trademark Registration No. 3,044,028 for CRAZY HORSE, owned by an individual named Carl Reid in South Carolina.

23.     As a result of the USPTO's refusal to register his applications, Frank Spencer proceeded to orchestrate an assignment of U.S. Trademark Registration No. 3,044,028 from Carl Reid to Crazy Horse Consulting, Inc., one of Frank Spencer's companies.  The assignment was dated December 10, 2010, and recorded with the USPTO on January 11, 2011.

24.     Notably, before assigning U.S. Trademark Registration No. 3,044,028 to Crazy Horse Consulting, Carl Reid had executed a Trademark Co-Existence Agreement with Crazy Horse Too A Gentlemen's Club, a Nevada limited liability company.  In the co-existence agreement, Carl Reid expressly conceded that there was no likelihood of confusion between the marks CRAZY HORSE TOO and CRAZY HORSE.  In addition, the consent agreement permitted Crazy Horse Too A Gentlemen's Club to adopt, use, and register any mark containing CRAZY HORSE so long as it did not include the words PURE GOLD'S.  Any rights acquired in U.S. Trademark Registration No. 3,044,028 by Crazy Horse Consulting by way of the assignment are subject to and limited by this co-existence agreement, whether in law or equity.

25.     Furthermore, Crazy Horse Too a Gentlemen's Club has assigned its rights under the Trademark Co-Existence Agreement with Carl Reid to Russell Road.  As a result, pursuant to the terms of the Trademark Co-Existence Agreement, Russell Road has the contractual right to use its CRAZY HORSE III mark and CRAZY HORSE III Design Mark since those marks do not include the phrase PURE GOLD'S.  Defendants, as the assignees of Carl Reid's U.S. Trademark Registration No. 3,044,028, are bound by the Trademark Co-Existence Agreement and the consent provided therein to allow Russell Road (the contractual successor to Crazy Horse Too A Gentlemen's Club) to adopt, use, and register any mark containing CRAZY HORSE so long as it did not include the words PURE GOLD'S.

26.     On January 26, 2012, subsequent to the assignment of U.S. Trademark Registration No. 3,044,028 to Crazy Horse Consulting, Frank Spencer, Crazy Horse Consulting, and JAT Investments, LLC (an entity owned or associated with Carl Reid) entered into a consent agreement in which they consented to their respective uses of the CRAZY HORSE marks and conceded that there was no likelihood of confusion as a result of their concurrent uses of the CRAZY HORSE marks.  Defendants' rights, if any, in the CRAZY HORSE mark are subject to and limited by this consent agreement, whether in law or equity.

27.     Having orchestrated the assignment of U.S. Trademark Registration No. 3,044,028 for CRAZY HORSE to Crazy Horse Consulting, Frank Spencer has improperly been trying to appropriate the CRAZY HORSE mark for himself and/or the companies that he is associated with seeking an unfair advantage over pre-existing businesses and uses.  Despite the fact that a crowded field has existed for decades for the CRAZY HORSE mark in connection with not only gentlemen's clubs, but a wide variety of goods and services, Frank Spencer has been contacting third parties who use the CRAZY HORSE name or mark and demanding that they enter into a licensing or franchising arrangement with Crazy Horse Consulting.  In fact, Defendants' own website admits the existence of a crowded field and admits that Defendants are

not the true owners of the CRAZY HORSE name: "The Crazy Horse name, which has been unavailable for the last 30 years has now gone to its rightful and earliest user, C.H.C. Inc. [Crazy Horse Consulting]"   In any event, Defendants' ill-conceived attempts to unring the bell and futilely attempt to put an end to decades of a crowded field of CRAZY HOSE marks by making trademark infringement threats in order to profit from some haphazard franchising scheme should be rejected by this Court.

**History and Current Status of the Trademark Dispute Between Plaintiff and Defendants**

28.   On information and belief, Frank Spencer traveled to Las Vegas to attend the Gentlemen's Club Owners Expo that was held August 21–24, 2011.   While attending the Gentlemen's Club Owners Expo, Frank Spencer became aware of Russell Road's CRAZY HORSE III gentlemen's club and may have actually visited the club in person.

29.   Once he became aware of Russell Road's CRAZY HORSE III gentlemen's club, Frank Spencer began inquiring about the club and its owners.   At one point, Frank Spencer called the club and asked to speak to Nando Sostilio, one of the principals of Russell Road.   Mr. Sostilio was unavailable at the time, and the message was relayed to Bob Lenson, another representative of Russell Road.

30.   Mr. Lenson returned the call and spoke briefly to Frank Spencer.   During the call, Frank Spencer asserted that he owned the rights to the CRAZY HORSE trademark, that Russell Road's use of the CRAZY HORSE III trademark infringed his rights, and that Russell Road needed a license to continue to use the CRAZY HORSE III mark.   Mr. Lenson disagreed with the assertions and referred Frank Spencer to Martin Pomeroy, Russell Road's counsel.

31.   On February 8, 2012, Frank Spencer sent email correspondence to Russell Road's counsel Martin Pomeroy demanding that Russell Road complete and return an application form to license the CRAZY HORSE trademark from Defendants.   Attached as Exhibit A is a true and

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

correct copy of the application form that Defendants demanded Russell Road complete and return.

32.     On April 12, 2012, Russell Road, through its counsel, sent a response letter to Defendants disputing Defendants' contention that Russell Road needed any license from Defendants in order to use its CRAZY HORSE III Design Mark.  In the letter, Russell Road clearly articulates why it does not infringe Defendant's claimed trademark rights in the CRAZY HORSE mark

33.     On May 17, 2012, Frank Spencer and Crazy Horse Consulting responded through their counsel, Jay Moldovanyi of Fay Sharpe LLP reiterating their mistaken belief that Russell Road's use of its CRAZY HORSE III trademark infringed Defendants' claimed rights in the CRAZY HORSE mark and proceeded to put Russell Road on notice that Defendants intended to oppose Russell Road's U.S. Trademark Application Serial No. 85/584,958 for the CRAZY HORSE III GENTLEMEN'S CLUB design mark.  Defendants further claimed that Las Vegas was a major market for them and that they would take whatever steps are necessary to enforce their rights in that locale.  Attached as Exhibit B is a true and correct copy of the May 17, 2012 letter from Defendants' counsel.

34.     As a result of Defendants' foregoing acts and threats of trademark infringements, Russell Road has a real and reasonable apprehension that Defendants will file a lawsuit for trademark infringement, and Russell Road requires this Court to resolve the parties' dispute so that Russell Road is not forced to choose between foregoing its current use of the CRAZY HORSE III Design Mark and risking future damages and harm to the relationship between Russell Road and its customers.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

**OF NON-INFRINGEMENT OF TRADEMARK (15 U.S.C. § 1051 *et seq.*)**

35.     Paragraphs 1–34, above, are realleged and incorporated by reference as if set forth in full.

36.     Defendants claim to own trademark rights in the CRAZY HORSE mark and claim that Russell Road's use of its CRAZY HORSE III Design Mark infringes their rights.

37.     Russell Road disputes (1) that Defendants have priority of rights in the CRAZY HORSE mark (at least in Las Vegas and the State of Nevada) and (2) that there is any likelihood of confusion as a result of the parties' respective uses of their CRAZY HORSE marks.

38.     With regard to priority, Russell Road incorporates by reference the remaining claims for relief alleged in this Complaint, which detail the defects in Defendants' claimed ownership of federal applications and a federal registration for CRAZY HORSE.   These applications provide the only basis for Defendants' claims of priority in the State of Nevada. However, as detailed in the remainder of this Complaint, Defendants' applications and registration are invalid, void, and unenforceable.  As such, Defendants do not have priority in the CRAZY HORSE mark.

39.     With regard to likelihood of confusion, as detailed in Paragraphs 9 and 10 of this Complaint, the CRAZY HORSE mark has been widely adopted and used by a multitude of  third parties across the United States in connection with gentlemen's clubs, as well as a wide variety of related and unrelated goods and services.  As a result, CRAZY HORSE marks exist as a part of a crowded field, and as a result, Defendants' do not have the ability as a matter of law to prevent Russell Road's use of the CRAZY HORSE III Design Mark.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

40.     Moreover, given this crowded field of CRAZY HORSE marks, the differences between the parties' respective marks in terms of sight, sound, meaning, and overall commercial impression are more than sufficient to obviate any likelihood of confusion

41.     Not only are there visible differences between the parties' respective marks, but there are also significant differences between the quality, price, and character of the parties' respective goods/services, as well as significant differences between the parties' clientele, that obviate any likelihood of confusion.

42.     The lack of any likelihood of confusion is further evidenced by the fact that parties have co-existed for at least three years without any instances of actual confusion.

43.     In addition, Defendants' failure to police the CRAZY HORSE mark has led to widespread usage by third parties and competitors of the CRAZY HORSE mark both for gentlemen's clubs, as well as a wide variety of related and unrelated goods and services. Defendants' failure to police the CRAZY HORSE mark has resulted in the effective abandonment of the mark by Defendants.

44.     Likewise, to the extent Defendants have been licensing the CRAZY HORSE mark to third parties, on information and belief, such licensing has lacked adequate control over the quality of the goods or services.  Defendants' naked licensing and failure to exercise appropriate control and supervision over its licensees has resulted in the effective abandonment of the mark by Defendants.

45.     Furthermore, Defendants are estopped from arguing that Russell Road's use of the CRAZY HORSE III Design Mark infringes their claimed rights in CRAZY HORSE because Defendants have (i) failed to actively police the CRAZY HORSE mark, (ii) have entered into co-existence/consent agreements with third parties who use the CRAZY HORSE mark (i.e., marks that are as similar if not more similar than Russell Road's CRAZY HORSE III Design

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

Mark), and (iii) Defendants have gone on record with the USPTO that the addition of additional terms to the words CRAZY HORSE is sufficient to preclude any likelihood of confusion.

46.     By assignment, Russell Road is also party to a Trademark Co-Existence Agreement in which Carl Reid, the prior owner of U.S. Trademark Registration No. 3,044,028, consented to Russell Road's use of the CRAZY HORSE III mark and CRAZY HORSE III Design Mark.   Defendants, as the assignees of Carl Reid's U.S. Trademark Registration No. 3,044,028, are bound by the Trademark Co-Existence Agreement and the consent provided therein to allow Russell Road to adopt, use, and register any mark containing CRAZY HORSE so long as it did not include the words PURE GOLD'S.

47.     An actual, present, and justiciable controversy has arisen between Russell Road and Defendants concerning Defendants' alleged rights in the CRAZY HORSE mark and whether Russell Road is infringing Defendants' alleged trademark rights in the CRAZY HORSE mark.

48.     Russell Road seeks an order from this Court declaring that Russell Road's use of both the CRAZY HORSE III mark and CRAZY HORSE III Design Mark do not infringe Defendants' claimed rights in the CRAZY HORSE mark.   In addition, Russell Road seek a declaration from this Court that Russell Road is the assignee and successor to Crazy Horse Too A Gentlemen's Club's rights under the Trademark Co-Existence Agreement and that Defendants are bound by the consents given by Carl Reid in the Trademark Co-Existence Agreement.

## SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

### OF UNENFORCEABILITY OF TRADEMARK (15 U.S.C. § 1051 *et seq.*)

49.     Paragraphs 1–48, above, are realleged and incorporated by reference as if set forth in full.

50.     Section 29 of the Lanham Act, 15 U.S.C. § 1111, permits the owner of a

registered trademark to use the registration symbol ®.   However, if a mark has not been registered with the USPTO, then the registration symbol may not be used—as such use would deceive and mislead the public.

51.   At least as early as August 28, 2008, Defendants were using the federal registration symbol ® in connection with the CRAZY HORSE trademark.  Defendants did not own any trademark registrations at that time.

52.   On information and belief, Defendants knew they did not own a federal trademark registration at the time and used the federal registration symbol ® with the deliberate intent to deceive and mislead the public and potential competitors.

53.   An actual, present, and justiciable controversy has arisen between Russell Road and Defendants concerning Defendants' alleged rights in the CRAZY HORSE mark and whether Russell Road is infringing Defendants' alleged trademark rights in the CRAZY HORSE mark.

54.   Russell Road seeks an order from this Court declaring that Defendants' alleged registered and unregistered rights in the CRAZY HORSE mark are unenforceable due to Defendants' intentional and deceptive misuse of the registration symbol—whether such enforceability stems from the doctrine of unclean hands, fraud, or otherwise.

### THIRD CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

### TRADEMARK APPLICATIONS ARE VOID — NOT TRUE TRADEMARK OWNER

55.   Paragraphs 1–54, above, are realleged and incorporated by reference as if set forth in full.

56.   Section 1 of the Lanham Act, 15 U.S.C. § 1051, requires that any trademark application filed with the U.S. Patent and Trademark Office ("USPTO") be filed in the name of the owner of the mark.  This is a statutory requirement that cannot be waived.  The requirement

BROWN BROWN & PREMSRIRUT
520 South 4ᵗʰ Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

has been upheld in numerous federal cases.  In addition, the Trademark Manual of Examining Procedure ("TMEP"), which sets forth the current law, practices, and procedures used by the examining attorneys at the USPTO, makes this requirement clear as well.

57.     If a trademark application is filed in the name of an applicant who was not the owner of the mark at the time the application was filed, the application is void.  37 CFR § 2.71(d); TMEP § 803.01.  Furthermore, the mistake cannot be corrected, even if the mistake was unintentionally and innocently made.

58.     On August 28, 2008, Frank Spencer filed U.S. Application Serial No. 77/557,722 for the CRAZY HORSE trademark in standard characters listing himself as the owner and applicant.

59.     On January 14, 2011, Frank Spencer filed U.S. Application Serial No. 85/217,717 for the CRAZY HORSE trademark in standard characters listing himself as the owner and applicant.

60.     On information and belief, Frank Spencer was not the true trademark owner at the time he filed U.S. Application Serial Nos. 77/557,722 and 85/217,717.  Rather, the proper applicant and trademark owner was one or more of the numerous corporations owned and/or used by Frank Spencer and/or his business associates.  From the Ohio Secretary of State's corporate records, it appears that Frank Spencer incorporated a corporation named Jozac Corporation.  On January 19, 1994, Jozac Corporation filed both a trade name registration and a fictitious name report for Crazy Horse Men's Club with Ohio's Secretary of State.  These filings occurred long before Frank Spencer filed U.S. Application Serial Nos. 77/557,722 and 85/217,717, evidencing that Frank Spencer was not the true trademark owner.  Rather, it appears that the applicant should have been listed as Jozac Corporation (or perhaps one of the other numerous entities formed and used by Frank Spencer).  As a result, pursuant to 37 CFR § 2.71(d), U.S. Application Serial Nos. 77/557,722 and 85/217,717 are void.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

61. An actual, present, and justiciable controversy has arisen between Russell Road and Frank Spencer concerning Frank Spencer's alleged rights in the CRAZY HORSE mark, the validity and enforceability of U.S. Application Serial Nos. 77/557,722 and 85/217,717, and whether Russell Road is infringing Frank Spencer's alleged trademark rights in the CRAZY HORSE mark.

62. Russell Road seeks an order from this Court declaring that U.S. Application Serial Nos. 77/557,722 and 85/217,717 are void and unenforceable because the true trademark owner was not listed as the applicant at the time each application was filed.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT

## FRAUD ON THE USPTO – NO INTERSTATE COMMERCE USE

63. Paragraphs 1–62, above, are realleged and incorporated by reference as if set forth in full.

64. Russell Road owns and operates a gentlemen's club under the CRAZY HORSE III Design Mark. Frank Spencer claims that Russell Road is infringing his claimed rights in the CRAZY HORSE mark and U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717. As such, Russell Road will be damaged by the registration on the Principal Register of U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717.

65. On August 28, 2008, Frank Spencer filed U.S. Application Serial No. 77/557,722 for the CRAZY HORSE trademark in standard characters. The application was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a). As part of the application, Frank Spencer executed a declaration alleging under oath that he first used the CRAZY HORSE trademark in interstate commerce at least as early as 1978.

66. On January 14, 2011, Frank Spencer filed U.S. Application Serial No. 85/217,717 for the CRAZY HORSE trademark in standard characters. The application was filed based on

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a). As part of the application, Frank Spencer executed a declaration alleging under oath that he first used the CRAZY HORSE trademark in interstate commerce at least as early as August 31, 1978.

67. On information and belief, Frank Spencer's representations under oath in both applications that he first used the CRAZY HORSE trademark in interstate commerce at least as early as 1978 was false. Frank Spencer did not use the CRAZY HORSE mark in interstate commerce as early as 1978 or as of the filing date of the applications. Rather, it appears that the use of the CRAZY HORSE trademark was limited to a purely intrastate use in Ohio where Jozac Corporation owned and operated one or more gentlemen's clubs.

68. The false representations of use in interstate commerce as early as 1978 were material. In this regard, an application filed with the USPTO cannot register until it has been used in interstate commerce. As such, the USPTO relied on the false representations.

69. Frank Spencer had knowledge of the falsity of the representation—*i.e.*, Frank Spencer knew that he had not used the CRAZY HORSE trademark in interstate commerce as early as 1978 or as of the filing dates of the applications.

70. Frank Spencer made the false representation with the intent to deceive the USPTO to obtain trademark registrations for the CRAZY HORSE mark.

71. An actual, present, and justiciable controversy has arisen between Russell Road and Frank Spencer concerning Frank Spencer's alleged rights in the CRAZY HORSE mark, the validity and enforceability of U.S. Application Serial Nos. 77/557,722 and 85/217,717, and whether Russell Road is infringing Frank Spencer's alleged trademark rights in the CRAZY HORSE mark.

72. Russell Road seeks a declaration from this Court that Frank Spencer committed fraud on the USPTO by submitting fraudulent representations of use in interstate commerce at least as early as 1978 and an order instructing the USPTO to abandon U.S. Trademark

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

Application Serial Nos. 77/557,722 and 85/217,717.

## FIFTH CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

### FRAUD ON THE USPTO – NO EXCLUSIVE RIGHTS

73.     Paragraphs 1–71, above, are realleged and incorporated by reference as if set forth in full.

74.     Russell Road owns and operates a gentlemen's club under the CRAZY HORSE III Design Mark.  Frank Spencer claims that Russell Road is infringing his claimed rights in the CRAZY HORSE mark and U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717.  As such, Russell Road will be damaged by the registration on the Principal Register of U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717.

75.     On August 28, 2008, Frank Spencer filed U.S. Application Serial No. 77/557,722 for the CRAZY HORSE trademark in standard characters.  The application was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a).

76.     On January 14, 2011, Frank Spencer filed U.S. Application Serial No. 85/217,717 for the CRAZY HORSE trademark in standard characters.  The application was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a).

77.     As part of both applications, Frank Spencer executed a declaration alleging under oath that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods or services of such person, to cause confusion, or to cause mistake, or to deceive."

78.     Frank Spencer's representation under oath that no one else had the right to use the CRAZY HORSE trademark in commerce in identical or in such near resemblance was false.  As an alleged owner of a gentlemen's club and someone intimately involved in the adult

entertainment industry, Frank Spencer was aware of numerous third party CRAZY HORSE gentlemen's clubs existing across the United States and world.  Many of these clearly predated the filing date of U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717.

79.    The false representation that no one else had the right to use the CRAZY HORSE trademark in commerce in identical or in such near resemblance was material.  In this regard, an application filed with the USPTO cannot register until an applicant provides such a verified statement, as these are statutory requirement of Section 1(a)(3) of the Lanham Act, 15 U.S.C. § 1051(a)(3), and 37 CFR § 2.33(b)(1).  As such, the USPTO relied on the false representation in accepting the applications for examination and, were it not for the falsity of the representation, would not have done so.

80.    Frank Spencer had knowledge of the falsity of the representations—*i.e.*, Frank Spencer knew that numerous third party CRAZY HORSE gentlemen's clubs existing across the United States and world and that these third parties were entitled to use the CRAZY HORSE mark.

81.    Frank Spencer made the false representations with the intent to deceive the USPTO to obtain trademark registrations for the CRAZY HORSE mark.

82.    An actual, present, and justiciable controversy has arisen between Russell Road and Frank Spencer concerning Frank Spencer's alleged rights in the CRAZY HORSE mark, the validity and enforceability of U.S. Application Serial Nos. 77/557,722 and 85/217,717, and whether Russell Road is infringing Frank Spencer's alleged trademark rights in the CRAZY HORSE mark

83.    Russell Road seeks a declaration from this Court that Frank Spencer committed fraud on the USPTO by submitting fraudulent representations that no one else had the right to use the CRAZY HORSE trademark in commerce and an order instructing the USPTO to abandon U.S. Trademark Application Serial Nos. 77/557,722 and 85/217,717.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563    Fax: (702) 385-1752

BROWN BROWN & PREMSRIRUT
520 South 4ᵗʰ Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

**SIXTH CLAIM FOR RELIEF**

**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,044,028**

**FRAUD ON THE USPTO – NO INTERSTATE COMMERCE USE**

84.   Paragraphs 1–82, above, are realleged and incorporated by reference as if set forth in full.

85.   Russell Road owns and operates a gentlemen's club under the CRAZY HORSE III Design Mark.   Crazy Horse Consulting, the owner of U.S. Trademark Registration No. 3,044,028 by assignment, claims that Russell Road is infringing its claimed rights in the CRAZY HORSE mark and U.S. Trademark Registration No. 3,044,028.   As such, Russell Road is being damaged and will be damaged by the continued registration on the Principal Register of U.S. Trademark Registration No. 3,044,028 and, therefore, seeks cancellation of the registration.

86.   On November 18, 2004, Carl Reid filed U.S. Application Serial No. 76/621,471 for the CRAZY HORSE trademark in connection with "entertainment services, namely, exotic dance performances."   The applications was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a).

87.   As part of the application, Carl Reid executed a declaration alleging under oath that he first used the CRAZY HORSE trademark in interstate commerce at least as early as January 21, 2001.

88.   On information and belief, Carl Reid's representation under oath that he first used the CRAZY HORSE trademark in interstate commerce at least as early as January 21, 2001 was false.   Carl Reid did not use the CRAZY HORSE mark in interstate commerce as of January 21, 2001 or as of November 18, 2004, the filing date of the application.   Rather, it appears that the use of the CRAZY HORSE trademark was limited to a purely intrastate use in South Carolina where Crazy Horse Saloon and Restaurant, Inc. owned and operated a single gentlemen's club.

89.   The false representation of use in interstate commerce as early as January 21,

2001 was material to the registrability of the mark.  In this regard, an application filed with the USPTO cannot register until it has been used in interstate commerce.  As such, the USPTO relied on the false representation in issuing U.S. Trademark Registration No. 3,044,028 and, were it not for the falsity of the representation, would not have issued the registration.

90.    Carl Reid had knowledge of the falsity of the representation—*i.e.*, Carl Reid knew that he had not used the CRAZY HORSE trademark in interstate commerce as early as January 21, 2001.

91.    Carl Reid made the false representation with the intent to deceive the USPTO to obtain a trademark registration for the CRAZY HORSE mark.

92.    Russell Road seeks an order from this Court instructing the USPTO to cancel U.S. Registration No. 3,044,028 based on Carl Reid's fraudulent representation of use in interstate commerce at least as early as January 21, 2001.

## SEVENTH CLAIM FOR RELIEF

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,044,028

### FRAUD ON THE USPTO – NOT TRUE TRADEMARK OWNER

93.    Paragraphs 1–89, above, are realleged and incorporated by reference as if set forth in full.

94.    Russell Road owns and operates a gentlemen's club under the CRAZY HORSE III Design Mark.  Crazy Horse Consulting, the owner of U.S. Trademark Registration No. 3,044,028 by assignment, claims that Russell Road is infringing its claimed rights in the CRAZY HORSE mark and U.S. Trademark Registration No. 3,044,028.  As such, Russell Road is being damaged and will be damaged by the continued registration on the Principal Register of U.S. Trademark Registration No. 3,044,028 and, therefore, seeks cancellation of the registration.

95.    On November 18, 2004, Carl Reid filed U.S. Application Serial No. 76/621,471

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

for the CRAZY HORSE trademark in connection with "entertainment services, namely, exotic dance performances." The applications was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a).

96.     As part of the application, Carl Reid executed a declaration alleging under oath that "he is the owner of the trademark sought to be registered."

97.     On information and belief, Carl Reid's representation under oath that he was the owner of the CRAZY HORSE trademark was false.  On information and belief, Carl Reid was not the true trademark owner at the time he filed U.S. Application Serial No 76/621,471. Rather, the proper applicant and trademark owner was one or more of the numerous corporations owned and/or used by Carl Reid and/or his business associates.  From the South Carolina Secretary of State's corporate records, it appears that Carl Reid incorporated a corporation named Crazy Horse Saloon and Restaurant, Inc.  The corporation was formed on September 13, 1988 and uses the same address that Carl Reid used for the Crazy Horse club in South Carolina. The formation of the company occurred long before Carl Reid filed U.S. Application Serial No. 76/621,471, evidencing that Carl Reid was not the true trademark owner.  Rather, it appears that the applicant should have been listed as Crazy Horse Saloon and Restaurant, Inc. (or perhaps one of the other numerous entities formed and used by Carl Reid).  As a result, pursuant to 37 CFR § 2.71(d), U.S. Application Serial No. 76/621,471 is void.

98.     The false representation that Carl Reid was the owner of the CRAZY HORSE trademark was material to the registrability of the mark.  Section 1 of the Lanham Act, 15 U.S.C. § 1051, requires that any trademark application filed with the U.S. Patent and Trademark Office ("USPTO") be filed in the name of the owner of the mark.  This is a statutory requirement that cannot be waived.  The requirement has been upheld in numerous federal cases.  In addition, the Trademark Manual of Examining Procedure ("TMEP"), which sets forth the current law, practices, and procedures used by the examining attorneys at the USPTO, makes this

requirement clear as well.  If a trademark application is filed in the name of an applicant who was not the owner of the mark at the time the application was filed, the application is void.  37 CFR § 2.71(d); TMEP § 803.01.  Furthermore, the mistake cannot be corrected, even if the mistake was unintentionally and innocently made.  As such, the USPTO relied on the false representation of ownership in issuing U.S. Trademark Registration No. 3,044,028 and, were it not for the falsity of the representation, would not have issued the registration.

99.   Carl Reid had knowledge of the falsity of the representation—*i.e.*, Carl Reid knew that he was not the true owner of the CRAZY HORSE trademark when he filed the application.

100.   Carl Reid made the false representation with the intent to deceive the USPTO to obtain a trademark registration for the CRAZY HORSE mark.

101.   Russell Road seeks an order from this Court instructing the USPTO to cancel U.S. Registration No. 3,044,028 based on Carl Reid's fraudulent representation of ownership and because the registration is void pursuant to 37 C.F.R. § 2.71(d).

### EIGHTH CLAIM FOR RELIEF

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,044,028

### FRAUD ON THE USPTO – NO EXCLUSIVE RIGHTS

102.   Paragraphs 1–98, above, are realleged and incorporated by reference as if set forth in full.

103.   Russell Road owns and operates a gentlemen's club under the CRAZY HORSE III Design Mark.  Crazy Horse Consulting, the owner of U.S. Trademark Registration No. 3,044,028 by assignment, claims that Russell Road is infringing its claimed rights in the CRAZY HORSE mark and U.S. Trademark Registration No. 3,044,028.  As such, Russell Road is being damaged and will be damaged by the continued registration on the Principal Register of U.S. Trademark Registration No. 3,044,028 and, therefore, seeks cancellation of the registration.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

104.    On November 18, 2004, Carl Reid filed U.S. Application Serial No. 76/621,471 for the CRAZY HORSE trademark in connection with "entertainment services, namely, exotic dance performances."  The applications was filed based on use in interstate commerce pursuant to § 1 of the Lanham Act, 15 U.S.C. § 1051(a).

105.    As part of the application, Carl Reid executed a declaration alleging under oath that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods or services of such person, to cause confusion, or to cause mistake, or to deceive."

106.    Carl Reid's representation under oath that no one else had the right to use the CRAZY HORSE trademark in commerce in identical or in such near resemblance was false.  As an alleged owner of a gentlemen's club, Carl Reid was aware of numerous third party CRAZY HORSE gentlemen's clubs existing across the United States and world.  Many of these clearly predated any alleged use by Carl Reid or his companies.

107.    The false representation that no one else had the right to use the CRAZY HORSE trademark in commerce in identical or in such near resemblance was material to the registrability of the mark.  In this regard, an application filed with the USPTO cannot register until an applicant provides such a verified statement, as these are statutory requirement of Section 1(a)(3) of the Lanham Act, 15 U.S.C. § 1051(a)(3), and 37 CFR § 2.33(b)(1).  As such, the USPTO relied on the false representation in issuing U.S. Trademark Registration No. 3,044,028 and, were it not for the falsity of the representation, would not have issued the registration.

108.    Carl Reid had knowledge of the falsity of the representation—*i.e.*, Carl Reid knew that numerous third party CRAZY HORSE gentlemen's clubs existing across the United States and world and that these third parties were entitled to use the CRAZY HORSE mark.

109.    Carl Reid made the false representation with the intent to deceive the USPTO to

Page 23

obtain a trademark registration for the CRAZY HORSE mark.

110.    Russell Road seeks an order from this Court instructing the USPTO to cancel U.S. Registration No. 3,044,028 based on Carl Reid's fraudulent representation hat no one else had the right to use the CRAZY HORSE trademark in commerce.

## **PRAYER FOR RELIEF**

WHEREFORE, Russell Road prays for judgment against Frank Spencer and Crazy Horse Consulting and relief as follows:

(i)     that the Court declare that Russell Road use of its CRAZY HORSE III trademark does not infringe any of Frank Spencer's and/or Crazy Horse Consulting's registered or unregistered trademark rights;

(ii)    that the Court declare that Russell Road is the assignee and successor to Crazy Horse Too A Gentlemen's Club's rights under the Trademark Co-Existence Agreement and that Defendants are bound by the Trademark Co-Existence Agreement and the consents given by Carl Reid in the agreement;

(iii)   that the Court declare that Frank Spencer's and/or Crazy Horse Consulting's registered and unregistered rights in the CRAZY HORSE trademark unenforceable and abandoned;

(iv)    that the Court declare U.S. Application Serial Nos. 77/557,722 and 85/217,717 void and unenforceable;

(v)     that the Court declare U.S. Trademark Registration No. 3,044,028 void and unenforceable;

(vi)    that the Court order that U.S. Trademark Registration No. 3,044,028 be cancelled;

(vii)   that Russell Road be awarded its costs and attorneys' fees; and

(viii)  such other and further relief that this Court may deem just and equitable.

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

DATED this 24th day of August, 2012.

1

2                                                           BROWN BROWN & PREMSRIRUT

3

4                                                    By: _____

5                                                           PUOY K. PREMSRIRUT, ESQ.
                                                            Nevada Bar #7141
6                                                           520 S. Fourth St., Second Floor
                                                            Las Vegas, NV  89101
7

8                                                           BRUNO W. TARABICHI,
                                                            CA Bar No. 215129
9                                                           OWENS TARABICHI LLP
                                                            111 N. Market St., Suite 730
10                                                          San Jose, California 95113
                                                            Telephone:  408.298.8200
11                                                          Facsimile:  408.521.2203
                                                            Pro Hac Vice Application Pending
12                                                          Attorneys for Plaintiff
                                                            Russell Road Food and Beverage, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752

1

### DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury

3   trial.

4   DATED this 24th day of August, 2012.

5

6                                                  BROWN BROWN & PREMSRIRUT

7

8                                          By: _____
9                                              PUOY K. PREMSRIRUT, ESQ.
                                               Nevada Bar #7141
10                                             520 S. Fourth St., Second Floor
                                               Las Vegas, NV  89101
11
                                               BRUNO W. TARABICHI,
12                                             CA Bar No. 215129
                                               OWENS TARABICHI LLP
13                                             111 N. Market St., Suite 730
                                               San Jose, California 95113
14                                             Telephone:  408.298.8200
                                               Facsimile:  408.521.2203
15                                             Pro Hac Vice Application Pending
                                               Attorneys for Plaintiff
16                                             Russell Road Food and Beverage, LLC

17

18

19

20

21

22

23

24

25

26

27

28

BROWN BROWN & PREMSRIRUT
520 South 4th Street | Second Floor
Las Vegas, Nevada 89101
Tel: (702) 384-5563   Fax: (702) 385-1752